UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 23-1459 JGB (PVCx) | Date | January 26, 2024 |
|---|---|---|---|
| Title | *Nelson Chilin v. Jacquelyn Carreto, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order to Show Cause re Dismissal for Failure to Prosecute
                       **(IN CHAMBERS)**

On July 25, 2023, Plaintiff Nelson Chilin ("Plaintiff") filed a complaint against Defendants Jacquelyn Ofelia Carreto, Maria Guadalupe Carreto, Jorge A. Cabrera, and Does 1 through 10 (collectively, "Defendants"). ("Complaint," Dkt. No. 1.) On October 18, 2023, Plaintiff served the summons and Complaint on Defendants Jacquelyn Ofelia Carreto and Maria Guadalupe Carreto—accordingly, those Defendants' answers were due no later than November 8, 2023. (Dkt. Nos. 15-16.) To date, neither Defendant Jacquelyn Ofelia Carreto nor Defendant Maria Guadalupe Carreto has answered the Complaint. Plaintiff has also not filed a request for entry of default as to either of those Defendants.

Moreover, to date, Plaintiff has not filed a proof of service as to Defendant Jorge A. Cabrera. Absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed. Fed. R. Civ. Proc. 4(m). Generally, defendants must answer the complaint within 21 days after service (60 days if the defendant is the United States). Fed R. Civ. Proc. 12(a)(1).

Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). A plaintiff must prosecute her case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). Here, it appears that Plaintiff has failed to prosecute the case

with reasonable diligence because he has: (1) failed to request an entry of default as to Defendants Jacquelyn Ofelia Carreto and Maria Guadalupe Carreto for over two months; and (2) has failed to file a proof of service as to Defendant Jorge A. Cabrera for over five months.

Accordingly, the Court **ORDERS** Plaintiff, **on or before February 2, 2024**, to: (1) request an entry of default as to Defendants Jacquelyn Ofelia Carreto and Maria Guadalupe Carreto or to show cause in writing as to why he has not requested an entry of default; and (2) file proof of service as to Defendant Jorge A. Cabrera or to show cause in writing as to why he has not filed a proof of service.  Failure to comply with this order may result in dismissal of the action. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court finds that this matter is appropriate for submission without oral argument.

**IT IS SO ORDERED.**